IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA HOOVER, *et al.*, | : | Case No. 2:19-cv-01453 |
| | : | |
| Plaintiffs, | : | Judge George C. Smith |
| -vs- | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| STEVEN G. ROSSER, *et al.*, | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : | |

**ANSWER OF DEFENDANTS
STEVEN G. ROSSER AND WHITNEY R. LANCASTER**

Now come Defendants Steven G. Rosser and Whitney R. Lancaster ("Defendant Officers") by and through counsel, and hereby state their Answer to Plaintiffs' Complaint as follows:

**I. Preliminary Statement**

1. Defendant Officers deny each and every allegation contained in Paragraph 1 of Plaintiffs' Complaint.

**II. Jurisdiction and Venue**

2. Defendant Officers admit that this Court has jurisdiction. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 2 of Plaintiffs' Complaint, Defendant Officers deny the same.

3. Paragraph 3 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 3, Defendant Officers deny the same.

4. Paragraph 4 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 4, Defendant Officers deny the same.

5. Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 5 of Plaintiffs' Complaint, Defendant Officers deny the same.

### III. Parties

6. Defendant Officers admit that Carla Hoover has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 6 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

7. Defendant Officers admit that Emily Haudenschield has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 7 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

8. Defendant Officers admit that Brittany Yates has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 8 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

9. Defendant Officers admit that Danielle Calderon has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 9 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

10. Defendant Officers admit that Ashley Graves has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 10 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

11. Defendant Officers admit that Chelsea Paige Ewart has worked at Kahoots. Defendant Officers deny the remaining allegations in Paragraph 11 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

12. Defendant Officers admit that they are being sued in their individual capacity and also admit that they are and were employees of the City of Columbus, Columbus Police Department in the Vice Unit located in Franklin County, Ohio. Defendant Officers deny any and all remaining allegations in Paragraph 12.

### IV. Factual Allegations

13. Defendant Officers admit the allegation contained in Paragraph 13 of Plaintiffs' Complaint that they are aware of all of the elements of the laws they are required to enforce. Further answering, to the extent any other allegations are made against Defendant Officers in Paragraph 13 of Plaintiffs' Complaint, Defendant Officers deny the same.

14. Defendant Officers admit that they have access to a book containing the elements of City and State Criminal offenses, including the elements associated with R.C. 2907.40(C)(2).

15. Paragraph 15 of Plaintiffs' Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 15, Defendant Officers deny the same.

16. Paragraph 16 of Plaintiffs' Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 16, Defendant Officers deny the same.

17. Defendant Officers admit the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant Officers deny each and every allegation contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant Officers deny each and every allegation contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant Officers admit that they spent hours in Kahoots while in their official capacity. Further answering, Defendant Officers deny any and all remaining allegations in Paragraph 20.

21. Defendant Officers deny each and every allegation contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant Officers deny each and every allegation contained in Paragraph 22 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

23. Defendant Officers deny each and every allegation contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant Officers deny each and every allegation contained in Paragraph 24 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

25. Defendant Officers deny each and every allegation contained in Paragraph 25 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

26. Defendant Officers deny each and every allegation contained in Paragraph 26 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

27. Defendant Officers deny each and every allegation contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant Officers deny each and every allegation contained in Paragraph 28 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

29. Defendant Officers deny each and every allegation contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant Officers deny each and every allegation contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant Officers deny each and every allegation contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant Rosser denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant Officers deny each and every allegation contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant Officers admit that they have filed charges against employees of Kahoots. Further answering, Defendant Officers assert that each of those charges was filed based on probable case. Defendant Officers deny each and every remaining allegation in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant Officers deny each and every allegation contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant Officers deny each and every allegation contained in Paragraph 36 of Plaintiffs' Complaint.

### a. Factual Allegations Related to Carla Hoover

37. Defendant Rosser admits the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant Rosser states that the affidavit speaks for itself, and to the extent the allegations in Paragraph 38 of Plaintiffs' Complaint vary therefrom, Defendant Rosser denies those allegations.

39. Defendant Rosser admits the allegations contained in Paragraph 39 of Plaintiffs' Complaint. Further answering, Defendant Rosser states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 39 of Plaintiffs' Complaint vary therefrom, Defendant Rosser denies those allegations.

40. Defendant Officers admit the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant Officers deny for want of sufficient knowledge the allegation that Ms. Hoover challenged the criminal complaint filed against her for the reason set forth in Paragraph 41 of Plaintiffs' Complaint. Further answering, Defendant Rosser asserts that Ms. Hoover was working at Kahoots when Defendant Rosser witnessed her violate R.C. 2907.40(C)(2).

42. Defendant Lancaster admits that he filed a criminal complaint against Ms. Hoover. Further answering, Defendant Lancaster states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 42 of Plaintiffs' Complaint vary therefrom, Defendant Lancaster denies those allegations.

43. Defendant Officers admit the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant Officers deny each and every allegation contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant Officers deny each and every allegation contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant Officers deny each and every allegation contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant Officers deny each and every allegation contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendant Officers deny each and every allegation contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant Officers admit the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

b. **Factual Allegations Related to Emily Haudenschield**

50. Defendant Rosser admits the allegations contained in Paragraph 50 of Plaintiffs' Complaint. Further answering, Defendant Rosser states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 50 of Plaintiffs' Complaint vary therefrom, Defendant Rosser denies those allegations.

51. Defendant Officers admit the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant Rosser denies each and every allegation contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant Rosser denies each and every allegation contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendant Rosser denies each and every allegation contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendant Officers admit the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

### c. Factual Allegations Related to Brittany Yates

56. Defendant Rosser admits the allegations contained in Paragraph 56 of Plaintiffs' Complaint. Further answering, Defendant Rosser states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 56 of Plaintiffs' Complaint vary therefrom, Defendant Rosser denies those allegations.

57. Defendant Officers admit the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant Rosser denies each and every allegation contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendant Rosser denies each and every allegation contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendant Rosser denies each and every allegation contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant Officers admit the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

### d. Factual Allegations Related to Danielle Calderon

62. Defendant Rosser admits the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Defendant Officers admit the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant Rosser denies each and every allegation contained in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant Rosser denies each and every allegation contained in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant Rosser denies each and every allegation contained in Paragraph 66 of Plaintiffs' Complaint

67. Defendant Officers admit the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

### e. Factual Allegations Related to Ashley Graves

68. Defendant Lancaster admits the allegations contained in Paragraph 68 of Plaintiffs' Complaint. Further answering, Defendant Lancaster states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 68 of Plaintiffs' Complaint vary therefrom, Defendant Lancaster denies those allegations.

69. Defendant Officers admit the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant Lancaster denies each and every allegation contained in Paragraph 70 of Plaintiffs' Complaint.

71. Defendant Lancaster denies each and every allegation contained in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant Lancaster denies each and every allegation contained in Paragraph 72 of Plaintiffs' Complaint.

73. Defendant Officers admit the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

### f. Factual Allegations Related to Chelsea Ewart

74. Defendant Lancaster admits the allegations contained in Paragraph 74 of Plaintiffs' Complaint. Further answering, Defendant Lancaster states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 68 of Plaintiffs' Complaint vary therefrom, Defendant Lancaster denies those allegations.

75. Defendant Officers admit the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendant Lancaster denies each and every allegation contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendant Lancaster denies each and every allegation contained in Paragraph 77 of Plaintiffs' Complaint.

78. Defendant Lancaster denies each and every allegation contained in Paragraph 78 of Plaintiffs' Complaint.

79. Defendant Officers admit the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. Defendant Officers deny each and every allegation contained in Paragraph 80 of Plaintiffs' Complaint.

81. Defendant Officers deny each and every allegation contained in Paragraph 81 of Plaintiffs' Complaint.

82. Paragraph 82 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 82, Defendant Officers deny the same.

83. Defendant Officers admit the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

## V. Claims for Relief

84. Defendant Officers deny each and every allegation contained in Paragraphs 1 through 83 of Plaintiffs' Complaint that have not been specifically admitted to be true.

85. Defendant Officers deny each and every allegation contained in Paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98 of Plaintiffs' Complaint.

## VI. Affirmative Defenses

### FIRST DEFENSE

86. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against Defendant Officers.

### SECOND DEFENSE

87. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiffs, and upon a reasonable belief that their actions were in compliance with all applicable federal, state, and municipal laws and regulations, including all administrative regulations, orders, and practices of the Department of Public Safety, the Columbus Division of Police, and the Vice Unit.

### THIRD DEFENSE

88. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiffs, and upon a reasonable belief that Plaintiffs had violated R.C. §2907.40(C)(2), a law which had not been repealed, had not been declared unconstitutional, and had been consistently enforced prior to September 15, 2017.

### FOURTH DEFENSE

89. Defendant Officers' actions towards Plaintiffs were based on probable cause and were neither retaliatory nor motivated by personal reasons.

## FIFTH DEFENSE

90. Defendant Officers are entitled to qualified immunity.

## SIXTH DEFENSE

91. Plaintiffs' Complaint is barred in whole or in part by R.C. Chapter 2744 *et seq.* and/or common law political subdivision immunity.

## SEVENTH DEFENSE

92. Plaintiffs' Complaint failed to name necessary and indispensable parties.

## EIGHTH DEFENSE

93. Plaintiffs have failed to mitigate their alleged injuries, losses, and damages, the existence of which Defendant Officers deny.

## NINTH DEFENSE

94. Defendant Officers reserve the right to assert additional defenses as may become necessary through the course of discovery.

        Respectfully submitted,

        */s/ Larry H. James*
        LARRY H. JAMES – Trial Attorney (0021773)
        CHRISTOPHER R. GREEN (0096845)
        NATALIE P. BRYANS (0097697)
        CRABBE, BROWN & JAMES, LLP
        500 South Front Street, Suite 1200
        Columbus, Ohio 43215
        (614) 229-4567; FAX: (614) 229-4559
        Email: ljames@cbjlawyers.com
        Email: cgreen@cbjlawyers.com
        Email: nbryans@cbjlawyers.com
        *Attorneys for Defendants Steven G. Rosser and Whitney R. Lancaster*

## JURY DEMAND

Defendant Officers request a trial by a jury pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Larry H. James
LARRY H. JAMES – Trial Attorney (0021773)
CHRISTOPHER R. GREEN (0096845)
NATALIE P. BRYANS (0097697)
CRABBE, BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567; FAX: (614) 229-4559
Email: ljames@cbjlawyers.com
Email: cgreen@cbjlawyers.com
Email: nbryans@cbjlawyers.com
*Attorneys for Defendants Steven G. Rosser
and Whitney R. Lancaster*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June 2019, I filed the foregoing Answer with the Clerk of Courts for the United States District Court for the Southern District of Ohio, Eastern Division, and a copy of the foregoing was duly served via the Court's electronic filing system, upon the following:

> David A. Goldstein, Esq.
> David A. Goldstein Co., L.P.A
> 511 South High Street, Suite 200
> Columbus, Ohio 43215
> Phone: (614) 222-1889
> Email: dgoldstein@dgoldsteinlaw.com
> *Attorney for Plaintiffs*
>
> Rex H. Elliott, Esq.
> Cooper & Elliott, LLC
> 2175 Riverside Drive
> Columbus, Ohio 43221
> Phone: (614) 481-6000
> Email: rexe@cooperelliott.com
> *Co-Counsel for Plaintiffs*
>
> Gina M. Piacentino, Esq.
> 88 East Broad Street, Suite 1560
> Columbus, Ohio 43215
> Phone: (614) 221-0800
> Email: gpiacentino@wp-lawgroup.com
> *Co-Counsel for Plaintiffs*

> > */s/ Larry H. James*
> > LARRY H. JAMES (0021773)
> > *Attorney for Defendants Steven G. Rosser
> > and Whitney R. Lancaster*