IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLA HOOVER, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>STEVEN G. ROSSER, et al.,<br><br>        Defendants. | Case No. 2:19-cv-1453<br><br>Judge George C. Smith<br><br>Magistrate Judge Kimberly A. Jolson |

## ANSWER OF THE CITY OF COLUMBUS

For its answer to the Amended Complaint filed by Plaintiffs Carla Hoover, Emily Haudenschield, Brittany Yates, Danielle Calderon, Ashley Graves, and Chelsea Paige Ewart (collectively "Plaintiffs") on September 9, 2019, Defendant City of Columbus ("the City"), admits, denies, and states the following:

1. The City denies the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. The City admits that this Court has jurisdiction. The City denies any remaining allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Paragraph 3 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4. Paragraph 4 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5. The City admits that venue is proper in this forum. The City denies any remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6. The City admits that Hoover has worked at Kahoots. The City denies that Hoover has never been arrested, charged or convicted of a criminal offense excluding traffic violations. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7. The City admits that Haudenschield has worked at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8. The City admits that Yates has worked at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. The City admits that Calderon has worked at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10. The City admits that Graves has worked at Kahoots. The City denies that Graves has never been arrested, charged or convicted of a criminal offense excluding traffic violations. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11. The City admits that Ewart has worked at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Paragraph 12 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. Answering further, the City admits that during the time period at issue, Lancaster and Rosser were Detectives in the Vice Unit of the Columbus Division of Police ("CPD"). The City denies any remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13. Paragraph 13 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. Answering further, the City admits: (a) that it is a political subdivision located in Franklin County Ohio and a municipal corporation duly organized, existing, and operating under the Constitution and statutes of the State of Ohio and the Charter of Columbus, Ohio; and (b) the City operated, supervised, and administered CPD; (c) the Vice Unit was part of CPD; and (d) the City employed Officers Rosser and Lancaster as detectives in the Vice Unit. The City denies any remaining allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint.

14. The City admits that Vice Unit officers should be aware of all of the elements for the set of laws that they are enforcing. The City denies any remaining allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint.

15. The City admits that CPD officers have access to the elements of City and State criminal offenses, including the elements associated with O.R.C. 2907.40(C)(2).

16. Paragraph 16 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. Answering further, the language of O.R.C. 2907.40(C)(2) speaks for itself.

17. Paragraph 17 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. Answering further, the language of O.R.C. 2907.40(A)(8) speaks for itself.

18. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint.

19. In response to the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20. In response to the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21. In response to the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint, the City admits that Rosser and Lancaster spent hours at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

22. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint.

23. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint.

29. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

34. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint.

35. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint.

37. In response to the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint.

38. The City admits the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint.

39. In response to the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint, the City states that the wording of the affidavit speaks for itself, and to the extent the allegations in Paragraph 39 vary therefrom, the City denies those allegations.

40. The City admits the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41. The City admits the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint.

42. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43. In response to the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint, the City admits that Lancaster filed a criminal complaint against Ms. Hoover. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44. The City admits the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46. In response to the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it violated Ms. Hoover's Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48. In response to the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2).  The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50. The City admits the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51. The City admits the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52. The City admits the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54. In response to the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it violated Ms. Haudenschield's Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55. In response to the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2).  The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56. The City admits the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57. The City admits the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58. The City admits the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60. In response to the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it violated Ms. Yates' Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

61. In response to the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62. The City admits the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint.

63. The City admits the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64. The City admits the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

65. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint.

66. In response to the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it violated Ms. Calderon's Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint.

67. In response to the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

68. The City admits the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint.

69. The City admits the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint.

70. The City admits the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72. In response to the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it violated Ms. Graves' Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73. In response to the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74. The City admits the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75. The City admits the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76. The City admits the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint.

77. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78. In response to the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint, the City denies that its policies, customs, or practices were the moving force behind anyone being criminally charged without probable cause. Answering further, the City denies that it

violated Ms. Graves' Constitutional rights. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint.

79. In response to the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80. The City admits the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

81. In response to the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint, the City denies that it did anything with a malicious purpose, in bad faith, or in a wanton or reckless manner. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82. The City denies the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83. Paragraph 83 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84. Paragraph 84 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required the City lacks knowledge or

information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85. In response to Paragraph 85 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

86. The City denies the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint.

87. In response to Paragraph 87 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

88. The City denies the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89. In response to Paragraph 89 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

90. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint.

91. In response to Paragraph 91 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

92. The City denies the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint.

93. The City denies the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint.

94. The City denies the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint.

95. In response to Paragraph 95 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

96. Paragraph 96 of Plaintiffs' Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint.

98. The City denies the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint.

99. The City denies the allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint.

100. In response to Paragraph 100 of Plaintiffs' Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

101. The City denies the allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint.

102. The City denies the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint.

103. The City denies the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

104. The City denies the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

105. The City denies the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106. The City denies the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint.

107. The City denies each and every allegation made in Plaintiffs' Amended Complaint that has not been specifically and unequivocally admitted in one or more of the foregoing paragraphs of this answer.

## AFFIRMATIVE DEFENSES

108. With respect to Plaintiffs' state-law claims, the City is entitled to all applicable immunities, defenses, set-offs, and limitations set forth in Ohio's Political Subdivision Tort Liability Act, O.R.C §§ 2744.01–2744.11.

109. Plaintiffs' claims are barred (either in whole or in part) by a failure to mitigate or to reasonably minimize their own purported damages.

110. Plaintiffs' claims are barred (in whole or in part) by the doctrines of estoppel, waiver, or laches.

111. Plaintiffs fail to state claims upon which relief can be granted.

112. The City reserves the right to assert such additional defenses that may become apparent as this civil action proceeds through discovery.

**PRAYER FOR RELIEF**

Having fully answered Plaintiffs' Amended Complaint, the City respectfully requests: (a) an order from this Court dismissing Plaintiffs' claims with prejudice; (b) an order from this Court assessing costs (including reasonable attorneys' fees incurred in defending the claims asserted herein) to the City; (c) and order from this Court awarding the City any and all such other relief the Court deems just, necessary, or appropriate; and (d) a final judgment entry in the City's favor.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov

Attorney for the City of Columbus

**CERTIFICATE OF SERVICE**

  I hereby certify that, on **October 15, 2019**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

             /s/ Westley M. Phillips
             Westley M. Phillips (0077728)